UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br>Plaintiff,<br>v.<br>DEBBIE ALICE THOMPSON, et al.,<br>Defendants. | Case No. 25-cv-10449-VKD<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE REMAND TO STATE COURT**<br><br>Re: Dkt. No. 1 |

On December 5, 2025, defendant Debbie Alice Thompson removed this unlawful detainer action from the Santa Clara County Superior Court. Dkt. No. 1. As reflected in Ms. Thompson's filing, plaintiff U.S. Bank National Association ("U.S. Bank") initiated this action in Santa Clara County Superior Court, Case No. 25CV463515, against defendants Debbie Alice Thompson, Albert Gordon Brown, Tiffany A. Thompson, Shengyu Wang, and several placeholder Doe defendants (collectively, "defendants"), alleging that defendants failed to vacate a property in Monte Sereno, California following a foreclosure sale on the property on January 19, 2022. *Id.* at ECF 5-7. Several actions involving the same Monte Sereno property and Ms. Thompson have been filed in or removed to this District. *See Thompson v. JPMorgan Chase Bank, N.A., et al.*, No. 15-cv-04885-BLF; *Thompson v. JPMorgan Chase Bank, N.A., et al.*, No. 16-cv-06134-BLF; *Thompson v. U.S. Bank National Association, as Trustee, Successor in Interest to Bank of America, et al.*, No. 20-cv-02107-EJD; *In re Debbie Alice Thompson*, No. 21-cv-05021-YGR; *Thompson v. B&B Capital, LLC, et al.*, No. 21-cv-05262-BLF; *Thompson v. The State of California, et al.*, No. 22-cv-04308-NC. For the reasons stated below, the Court recommends that this matter be remanded to the state court for lack of subject matter jurisdiction.

## I. LEGAL STANDARD

Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the removing party to demonstrate that removal is proper. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h). A case must be remanded to the state court if it appears at any time before final judgment that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c).

## II. DISCUSSION

Ms. Thompson invokes the Court's federal question jurisdiction under 28 U.S.C. § 1331. Dkt. No. 1 at ECF 2-3. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. *Id*.

Ms. Thompson fails to show that removal is proper based on any federal law. U.S. Bank's complaint presents a single state law claim for unlawful detainer and does not allege any federal claims whatsoever. *See* Dkt. No. 1 at ECF 5-8; *see also Deutsche Bank Nat'l Tr. Co. v. Young*, No. 14-cv-3170 EMC*,* 2014 WL 7336696, at *3 (N.D. Cal. Dec. 23, 2014) ("It is well established that unlawful detainer claims do not arise under federal law and, without more, the court lacks federal-question jurisdiction.").

Ms. Thompson contends that the Court has federal question jurisdiction over this action because she asserted claims under 42 U.S.C. § 1983 and the Fair Housing Act, 42 U.S.C. § 3604(b), in her opposition to plaintiff's motion for summary judgment in the state court. Dkt. No. 1 at ECF 2. However, federal defenses and counterclaims do not provide a basis for removal. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (holding that "a case may not be removed to federal court on the basis of a federal defense"); *see also Vaden*, 556 U.S. at 60 ("Nor

2

can federal jurisdiction rest upon an actual or anticipated counterclaim."). Accordingly, whatever claims Ms. Thompson may have under section 1983 or the Fair Housing Act do not establish federal question jurisdiction in this unlawful detainer action.[1] *See, e.g.*, *Wells Fargo Bank, N.A. v. Hoffman*, No. 13-cv-0116 SI, 2013 WL 1760339, at *2 (N.D. Cal. Apr. 24, 2013) (remanding unlawful detainer action because defendants' claim of a section 1983 violation did not raise a federal question); *Lin Lin v. Jamison*, No. 18-cv-07216-KAW, 2018 WL 6978112, at *2 (N.D. Cal. Dec. 17, 2018) (recommending remand where defendant raised a Fair Housing Act defense in an unlawful detainer action).

Ms. Thompson does not assert any other basis for federal subject matter jurisdiction, such as diversity jurisdiction under 28 U.S.C. § 1332, and no such basis is apparent. Therefore, the Court recommends remand of this case to state court because it lacks subject matter jurisdiction.

## III. CONCLUSION

Based on the foregoing, the removal of this case was improper. Because not all parties have consented to magistrate judge jurisdiction, the Clerk of Court shall reassign this case to a district judge. The Court recommends that the newly assigned judge remand the case to the Santa Clara County Superior Court. *See* Fed. R. Civ. P. 72.

**IT IS SO ORDERED.**

Dated: December 8, 2025

Virginia K. DeMarchi
United States Magistrate Judge

---

[1] The Court notes that is not clear from Ms. Thompson's filing in this case whether U.S. Bank ever filed a motion for summary judgment in the state court. A minute order, dated October 21, 2025, notes that the court "could not locate a notice or motion for summary judgment in the file." Dkt. No. 1 at ECF 946.

3